IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLOYD LOWE,

        Plaintiff,                        No. CIV S-06-1623 LKK DAD P

    vs.

CALIFORNIA DEP'T OF CORRECTIONS, et al.,

        Defendants.             ORDER

                                      /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 1965.

Plaintiff alleges that on October 22, 2005, he fell from the upper bunk in his cell and injured his right knee. Since his fall, plaintiff alleges he has experienced severe pain in his

2

right knee and has not received physical therapy. Plaintiff also contends that prison authorities should install ladders for upper bunks so that if an inmate falls, he has something to grab to break the fall. In response to his inmate grievance, plaintiff received a director's level decision indicating that plaintiff has been assigned a lower bunk and his request for a ladder is therefore moot. The director's decision also noted that plaintiff's request that ladders be installed in all cells would not be addressed.

The nature of the claim or claims that plaintiff is attempting to bring is unclear from the allegations of his complaint. It may be that plaintiff is attempting to allege that he received inadequate medical care for his injuries in violation of the Eighth Amendment. On the other hand plaintiff may be complaining in general regarding the failure of prison officials to provide ladders with upper bunks at his place of confinement. Because plaintiff's allegations are unclear with respect to the claims he seeks to bring, the court will dismiss the complaint and provide plaintiff the opportunity to file an amended complaint.

Plaintiff is advised that in order to state a cognizable Eighth Amendment claim based on inadequate medical care, he must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A claim of constitutionally inadequate medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury of the 'unnecessary and wanton infliction of pain.'" 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. In demonstrating the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

1   Next, plaintiff must provide factual allegations demonstrating that defendants
2   responded to the serious medical need with deliberate indifference.  Proof that a defendant acted
3   with deliberate indifference is required to satisfy the subjective prong of the two-part test that is
4   applicable to any Eighth Amendment claim.  Farmer, 511 U.S. at 834.

5   Before it can be said that a prisoner's civil rights have been abridged with regard
6   to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'
7   'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter
8   Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate
9   indifference is "a state of mind more blameworthy than negligence" and "requires 'more than
10  ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835
11  (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

12  In addition,  the court is unable to determine if plaintiff has exhausted
13  administrative remedies with respect to any inadequate medical care claim he may be attempting
14  to present.  Plaintiff is cautioned that claims that are not exhausted prior to filing his lawsuit, will
15  result in the dismissal of the action.  See McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir.
16  2002) (holding that a prisoner must exhaust administrative remedies before, not after, filing suit
17  in federal court).

18  Plaintiff is also advised that to the extent he is attempting to present a claim on
19  behalf of all prisoners at his place of confinement requiring the installation of ladders with upper
20  bunks, he has failed to state a cognizable civil rights claim.  First, plaintiff cannot represent the
21  interests of his fellow prisoners since it is well established that a pro se litigant may not appear as
22  an attorney for others.  C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.
23  1987); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966).  This rule becomes almost
24  absolute when, as here, the putative class representative is incarcerated and proceeding pro se.
25  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Booker v. Powers, Civ. S-06-1907,
26  2007 WL 470922, *2 (E.D. Cal. Feb. 9, 2007).  Accordingly, to the extent plaintiff may be

seeking to bring a class action lawsuit seeking an order requiring that ladders be installed in all cells with bunk beds, he cannot so proceed. Viewed as an individual claim pursued on his own behalf it would appear that such a claim was rendered moot when plaintiff was issued a lower bunk chrono.

If plaintiff chooses to file an amended complaint, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

On July 24, 2006, plaintiff request the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity

5

of the legal issues involved.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Finally, the court has not ruled on plaintiff's application to proceed in forma pauperis.  Such a ruling would require plaintiff to pay the statutory filing fee of $350.00 for this action.  See 28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff should consider whether he has exhausted administrative remedies with respect to any inadequate medical care claim he wishes to present as well as the remainder of the court's discussion of his possible claims as set forth above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff shall use the form complaint provided by the court; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

3. Plaintiff's July 24, 2006 request for the appointment of counsel is denied without prejudice.

4. The Clerk of the Court is directed to provide plaintiff with the form complaint for a § 1983 action.

DATED: October 1, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
lowe1623.14

6