UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Floyd Lowe,           )<br>                      )<br>       Plaintiff(s),   )<br>                      )<br>       v.             )<br>                      )<br>Department of Corrections of the State )<br>of California, et al.,  )<br>                      )<br>       Defendant(s).  )<br>                      )<br>_____) | CASE NO. SCIV06-01623DOC<br><br>**O R D E R GRANTING MOTION FOR RECONSIDERATION; GRANTING MOTION FOR SUMMARY JUDGMENT** |

      Plaintiff Floyd Lowe ("Plaintiff"), a state prisoner proceeding *pro se* is suing for alleged civil rights violations pursuant to 42 U.S.C. § 1983.  Before the Court is Plaintiff's "Request to Set Aside the Court's Decision" to grant Defendants' Motion for Summary Judgment. The Court treats Plaintiff's Motion as a Motion for Reconsideration of the Court's Order Granting Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 60(b) (the "Motion").  After considering the moving, opposing, and replying papers, the Court hereby GRANTS Plaintiff's Motion for Reconsideration, but again GRANTS Defendant's Motion for Summary Judgment.

**I. Background**

      On October 22, 2005, Plaintiff was imprisoned in cell 227 at California State Prison Solano ("CSP Solano").  As Plaintiff climbed out of his bed, he slipped and sustained an injury to his right knee. Between October 2005 and February 2007, Plaintiff received treatment for knee pain from several doctors including Defendants Noriega and Hsieh. On April 13, 2007, Plaintiff underwent surgery on his

1  right knee for a medial meniscus tear.  Plaintiff was seen by Dr. Hsieh for a post-surgery follow up.
2  Plaintiff alleges that at certain times throughout his treatment, Defendants were deliberately indifferent
3  to his medical needs when they failed to provide Plaintiff with proper medical treatment and pain
4  medication in violation of the Eighth Amendment's proscription against cruel and unusual punishment.
5      Plaintiff filed his initial complaint against all Defendants on July 24, 2006, and served an
6  amended complaint on all Defendants on November 28, 2007.  On May 18, 2009, Defendants filed a
7  Motion for Summary Judgment which was granted by this Court on July 30, 2009.  In the Order
8  Granting Summary Judgment (the "Order"), this Court stated that Plaintiff had not filed a response to
9  Defendants' Motion for Summary Judgment.  However, Plaintiff sent an Opposition to Defendants'
10 Motion for Summary Judgment on June 19, 2009, but it was not filed until August 7, 2009.  On August
11 7, 2009, Plaintiff filed the instant motion, which the Court treats as a Motion for Reconsideration of the
12 Court's Order Granting Defendants' Motion for Summary Judgment.

13                              **II.  Legal Standard**
14         **A. Motion for Reconsideration**
15         Fed. R. Civ. P. 60(b) provides for reconsideration only upon a showing of "(1) mistake, surprise,
16 or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or
17 discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No.*
18 *1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G.*
19 *Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).
20         These grounds are further limited by the Local Rules.  E.D. Cal. R. 78-230(k) provides that the
21 party seeking reconsideration must provide the court with the material facts and circumstances
22 surrounding the motion, indicating "(1) when and to what Judge or Magistrate Judge the prior motion
23 was made, (2) what ruling, decision or order was made thereon, (3) what new or different facts or
24 circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or
25 what other grounds exist for the motion, and (4) why the facts or circumstances were not shown at the
26 time of the prior motion."  E.D. Cal. R. 78-230(k).
27         **B. Motion for Summary Judgment**
28         Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and

any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S. Ct. 2548 (1986).  When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, "an opposing party may not rely merely on allegations on denials or its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2); *see also Anderson,* 477 U.S. at 248-49.  Furthermore, a party cannot create a genuine issue of material fact simply by making assertions in its legal papers.  There must be specific, admissible evidence identifying the basis for the dispute. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1980).  The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477 U.S. at 252.

### III.  Discussion

**A. Motion for Reconsideration Pursuant to Rule 60(b)**

In his motion before the Court, Plaintiff provides a sufficient basis for reconsideration of the Court's previous Order granting summary judgment to the Defendants.  Local Rule 78-230(k) requires that a motion for reconsideration under Rule 60(b) be made on the grounds that there are new or different facts or circumstances that exist which did not exist or were not shown upon such prior motion. E.D. Cal. R. 78-230(k)(3).  In the Court's previous Order, the Court stated that Plaintiff had failed to respond to Defendants' motion for summary judgment.  Plaintiff points out that he did respond to

1 | Defendant's motion for summary judgment in a letter sent on June 19, 2009.  However, the response was
2 | filed on August 7, 2009, over two months after Defendants filed their motion and after this Court
3 | granted the motion on July 30, 2007.  Due to the timing of the Plaintiff's response, the Court was unable
4 | to consider any material facts that may have been presented by that response.  The Court recognizes that
5 | confinement makes timeliness difficult because of "restrictions on the prisoner's ability to monitor the
6 | lawsuit's progress." *Houston v. Lack,* 487 U.S. 266, 270-71(1988).  Therefore, due to the leniency that
7 | must be afforded to prisoners with respect to procedural compliance and the failure of this Court to
8 | consider potential facts in Plaintiff's response, this Court will reconsider the Order Granting Defendant's
9 | Motion for Summary Judgment.

**B. Opposition to Defendant's Motion for Summary Judgment**

11 | The Court reexamines the Court's Order Granting Defendants' Motion for Summary Judgment
12 | pursuant to Fed.R.Civ.P. 56(c).  The Court must again determine, viewing the evidence in the light most
13 | favorable to the opposing party, whether there are any genuine issues of material fact for trial.  As
14 | established in the Court's previous Order, Defendants made a prima facie case for summary judgment.
15 | Therefore, the Plaintiff, in his response, cannot rely on general denials; he must produce significant
16 | probative evidence that demonstrates that there is a genuine issue of material fact for trial.  *F.T.C. v.*
17 | *Publishing Clearing House, Inc.* 104 F.3d 1168, 1171 (9th Cir. 1997).
18 | Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in
19 | violation of his Eighth Amendment rights proscribing cruel and unusual punishment.  In order to
20 | demonstrate deliberate indifference, a prisoner must establish two elements: (1) the existence of serious
21 | medical need; and (2) the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d
22 | 1050, 1059 (9th Cir. 1992)(overruled on other grounds).
23 | With respect to Defendant Padilla-Fuentes, Plaintiff reasserts his original allegation that she
24 | refused him medical attention on July 19, 2009.  This was the only interaction Padilla-Fuentes had with
25 | Plaintiff, during which Plaintiff asked for medical care.  Following this interaction, Padilla-Fuentes
26 | contacted the medical department and scheduled an appointment for Plaintiff for the following day.
27 | Besides the reassertion of his original allegation, Plaintiff has provided no further evidence or facts to
28 | show that he was harmed by any delay of treatment or had any other interaction with Padilla-Fuentes.

4

Thus, summary judgment in favor of Defendant Padilla-Fuentes is appropriate.

With respect to Defendant Noriega, Plaintiff reasserts his allegations that Noriega was indifferent to Plaintiff when Noriega prescribed Plaintiff Tylenol 3 instead of Vicodin and was indifferent again, later, when he refused to give him crutches after his surgery. Again, the Plaintiff merely relies on his previous allegations in his Amended Complaint. Moreover, Plaintiff's disagreement with Noriega's determinations does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Plaintiff newly alleges that he now has to have another surgery on his right knee. However, this type of conclusory, self-serving statement lacking detailed facts and any supporting evidence is insufficient to create a genuine issue of material fact. *F.T.C. v. Publishing Clearing House, Inc.* 104 F.3d 1168, 1171. Therefore, summary judgment in favor of Defendant Noriega is proper.

Lastly, with respect do Defendant Hsieh, Plaintiff reasserts his previous allegation that Hsieh was deliberately indifferent to Plaintiff regarding his medical needs. Plaintiff again alleges that although Hsieh changed his medication from Naproxen to Tylenol 3 on February 22, 2007, Plaintiff did not receive the medication until March 19, 2007. Plaintiff newly asserts that Hsieh never turned in the paper work to change the medication. However, Plaintiff does not offer any further evidence to show that this was the case or that he was seriously harmed by this delay in treatment, and as such, summary judgment in favor of Defendant Hsieh is appropriate.

## IV.  Conclusion

Based on the moving and opposing papers, it is clear that Defendants in this case were not deliberately indifferent to Plaintiff's medical needs. Plaintiff failed to provide any further evidence that could lead a reasonable jury to find for Plaintiff. Consequently, though the Court GRANTS Plaintiff's Motion for Reconsideration, the Court again GRANTS Defendants' Motion for Summary Judgment.

IT IS SO ORDERED

DATED: September 21, 2009

_____
      DAVID O. CARTER
    United States District Judge
      Sitting by Designation